UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacob Tillman Williams, Jr., ) | Case No. 2:25-cv-12632-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Captain Williams; Officer Strothers; ) | |
| Nurse Davis; Nurse Berry; ) | |
| Officer Mosley; Officer Murdoch; ) | |
| Orangeburg-Calhoun Detention Center; ) | |
| Officer Tyler; Officer Mo; ) | |
| and Officer Dozier, ) | |
| ) | |
| Defendants. ) | |

Jacob Tillman Williams, Jr. ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without further leave to amend.

**BACKGROUND**

Plaintiff's Complaint presents a rambling laundry list of purported unconstitutional conditions of confinement at his detention facility, Orangeburg-Calhoun Regional Detention Center. (Dkt. No. 1.) Specifically, the Complaint states: Plaintiff has heard "staff and medical staff curse/cuss and use vulgar language" (*id.* at 19); inmates have hit each other "with no consequence" (*id.*); Plaintiff has been "sexually harassed by inmates" (*id.*); Plaintiff was "hit in the eye with [a] broom by [an] inmate through [his] meal flap," and his arm was "almost broken" (*id.* at 21, 25); Plaintiff has been "denied

1

bedding/mattress/and sheets for nearly a week or two" (*id.*); Plaintiff has been "denied [a] phone" because he cannot "pay," and thus cannot contact his mother "on a regular basis" (*id.* at 21, 25–26); Plaintiff has been "[d]enied [a] pin number" (*id.* at 21); Plaintiff has been denied "melatonin for sleeping and glucose" since his arrival at the facility (*id.* at 21, 24); Plaintiff "needs meds, a counselor, and a psychiatrist on a regular basis" (*id.* at 26); staff has promised to provide Plaintiff with "medical request forms" but "never do" (*id.* at 21, 24); Plaintiff saw "fecal matter in a bottle be thrown into open squad bay and left out for an undetermined amount of time," and "another inmate stepped in the human waste" (*id.* at 22); Plaintiff's cell flooded, and he was "forced to clean it" (*id.*); and Officer Strothers "denied [Plaintiff] food" (*id.* at 21). With respect to the last allegation, Officer Strothers apparently told Plaintiff his meal "was on the cart," but the tray was then missing. (*Id.* at 25.) Plaintiff notes that "someone could have stolen it." (*Id.*) Another inmate ultimately gave Plaintiff food so he would not "go hungry." (*Id.*) Based on these allegations, the Complaint seeks at least $10,000 in damages. (*Id.* at 8.)

On October 3, 2025, the undersigned issued an order notifying Plaintiff that his Complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 4 at 2–4.) In light of Plaintiff's *pro se* status, however, the undersigned afforded him twenty-one days to file an amended complaint that cured the identified pleading deficiencies. The order warned Plaintiff that if he did not comply with the Court's instructions within the time permitted, his case may be dismissed. (*Id.* at 4.) Despite this warning, Plaintiff did not respond to the undersigned's order. Nevertheless, in an abundance of caution, the undersigned entered a second order on November 6, 2025, granting Plaintiff another twenty-one days to file an amended complaint with the Court. (Dkt. No. 8.) Unfortunately, Plaintiff still has not complied with the undersigned's instructions, and the time to do so has once again lapsed. To that end, this initial review remains limited to the

2

allegations as presented in Plaintiff's original Complaint.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state

3

a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As suggested above, Plaintiff largely

4

appears to allege unconstitutional conditions of confinement, which fall under the Fourteenth Amendment.[1] The undersigned finds that Plaintiff's Complaint fails to state an actionable Fourteenth Amendment violation under § 1983 for several reasons.

At the outset, Plaintiff has named the Orangeburg-Calhoun Regional Detention Center as a defendant in this action. (Dkt. No. 1 at 1.) Courts have routinely found that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" for purposes of § 1983. *Norris v. Darlington Sheriff's Off.*, No. 1:20-cv-246-DCC-SVH, 2020 WL 473511, at *2–3 (D.S.C. Jan. 28, 2020). Similarly, "entire departments" or "groups of people" are not amenable to suit under § 1983. *See Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL 2332741, at *1 (D.S.C. May 30, 2017); *Graham v. Trinity Food Serv.*, No. 7:23-cv-62, 2023 WL 5019536, at *2 (W.D. Va. Aug. 7, 2023). Accordingly, as the undersigned previously warned Plaintiff (Dkt. No. 4 at 3), the Orangeburg-Calhoun Regional Detention Center is not considered a "person" under § 1983, regardless of whether Plaintiff refers to the "physical building" or the "staff and collection of officials" it houses. *Capers v. Hernandez*, No. 9:23-cv-6821-BHH-MGB, 2024 WL 1363816, at *4 (D.S.C. Feb. 9, 2024), *adopted*, 2024 WL 1349260 (D.S.C. Mar. 29, 2024); *see also Ford v. South Carolina*, No. 8:23-cv-4892-DCC-JDA, 2023 WL 11195401, at *4 (D.S.C. Dec. 4, 2023), *adopted*, 2024 WL 1805872 (D.S.C. Apr. 25, 2024). Any such claims are therefore subject to dismissal.

---

[1] The Eighth Amendment's protections against "cruel and unusual punishment" apply only to persons convicted of a criminal offense. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." *Ingraham v. Wright,* 430 U.S. 651, 671 n.40 (1977); *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment); *see also Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023) (explaining that "any pretrial detention conditions that 'amount to punishment' violate due process") (referencing *Bell*, 441 U.S. at 535–37 & n.16). Because Plaintiff is a pretrial detainee, or was a pretrial detainee at all times relevant to this lawsuit, the Due Process Clause of the Fourteenth Amendment is the proper vehicle for any challenges to his conditions of confinement at the Orangeburg-Calhoun Regional Detention Center.

With respect to the individual Defendants, a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that the doctrines of vicarious liability and *respondeat superior* generally are not applicable in § 1983 cases). "Vague allegations of wrongdoing leveled against all defendants do not suffice. . . ." *Spivey v. Breckon*, No. 7:20-cv-400, 2022 WL 2317448, at *2 (W.D. Va. June 28, 2022); *see also Allen v. City of Graham*, No. 1:20-cv-997, 2021 WL 2037983, at *2 (M.D.N.C. May 21, 2021) ("[G]rouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them."). The only individual specifically referenced in the body of Plaintiff's Complaint is Officer Strothers. (Dkt. No. 1 at 21, 25.) Thus, as the undersigned previously explained (Dkt. No. 4 at 3), Plaintiff fails to state an actionable claim under § 1983 against any of the other individual Defendants. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations).

Turning to the allegations against Defendant Strothers, a claim for unconstitutional conditions of confinement under the Fourteenth Amendment requires that a pretrial detainee show the action taken was not "rationally related to a legitimate nonpunitive governmental purpose" or was "excessive in relation to that purpose." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015)). "[I]t is sufficient that the plaintiff show that the

defendant's action or inaction was . . . objectively unreasonable," in that the defendant acted or failed to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (internal citations omitted). It is not enough, however, "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12. Here, the Complaint simply suggests that Defendant Strothers told Plaintiff his meal was "on the cart," and someone potentially stole that meal. (Dkt. No. 1 at 25.) As the undersigned previously noted (Dkt. No. 4 at 4), however, the Complaint does not allege that Defendant Strothers intentionally withheld or denied Plaintiff food—or that Plaintiff even notified Defendant Strothers that his meal was stolen and/or missing in the first instance. Without more, the Complaint fails to show that Defendant Strothers acted unreasonably in violation of Plaintiff's Fourteenth Amendment rights, and any such claim is therefore subject to summary dismissal.

## CONCLUSION

Based on the above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). The Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 15, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).