IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacob Tillman Williams, Jr., <br><br>　　　　Plaintiff,<br>　v.<br><br>Captain Williams, et al.,<br><br>　　　　Defendants. | Case No. 2:25-12632-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 10) recommending that this action be dismissed without leave to amend. For the reasons stated below, the Court adopts the R&R as the order of the court and dismisses this action without leave to amend.

I. **Background**

Plaintiff is a pretrial detainee proceeding *pro se* and *in forma pauperis*. Previously, the Court advised Plaintiff that his complaint failed to state a claim. The Court issued a proper form order granting Plaintiff until October 24, 2025, to amend his complaint. (Dkt. No. 4). As of November 6, 2025, Plaintiff had not filed an amended complaint, but the Court granted Plaintiff an additional opportunity to do so. (Dkt. No. 8) (granting additional 21 days to file amended complaint).

On December 15, 2025, the Magistrate Judge issued the instant R&R recommending that the complaint be dismissed without leave to amend. Plaintiff did not file objections to the R&R.

1

II. **Legal Standards**

    A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

    B. **Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

III. **Discussion**

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this action must be dismissed because it fails to state a claim upon which relief may be granted. As outlined in the R&R, Plaintiff appears to bring conditions of confinement claims under the Fourteenth Amendment. Plaintiff's complaint, however, is deficient for the reasons articulated in the R&R. (Dkt. No. 10 at 5-8) (noting inanimate objects like the "Orangeburg-Calhoun Regional Detention

Center" are not proper defendants, that Plaintiff's complaint lacks allegations of personal conduct as to many defendants, and that Plaintiff's allegations as to Defendant Strothers fail to state a claim); (*Id.* at 6-7) (alleging Strothers told plaintiff his meal was "on the cart" but that someone "potentially stole that meal").

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 10) as the Order of the Court and **DISMISSES** this action without leave to amend.

**AND IT IS SO ORDERED.**

        s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 5, 2026
Charleston, South Carolina